DUNCAN, Circuit Judge,
concurring in the judgment:
The medium of talk radio is one in which hyperbole and diatribe reign as the preferred tools of discourse. Such expression, though not infrequently caustic and offensive, nevertheless enjoys robust First Amendment protection. Because prevailing First Amendment jurisprudence imposes a particularly onerous burden on public figures seeking to challenge such expression, I am compelled to concur in *305 the judgment affirming the district court’s award of summary judgment to Rhodes.
I write separately for two reasons. The first is to emphasize my view that the appropriateness of summary judgment here is more reflective of the magnitude of CACI’s burden than the defensibility of Rhodes’s comments. The second, as elaborated below, is to explain why even the most egregious and ill-supported of Rhodes’s statements — those implicating CACI in the rape of children-while approaching the outer limits of First Amendment protection, are nevertheless protected expression.
In Rhodes’s August 11, 2005 broadcast, when speaking of “the defense contractors or the oil conglomerates or CACI or Titan International,” she asked, “[W]hy are they allowed to torture and rape little children using low-level clerks, who then go to jail for 10 or 15 years?” J.A. 182. This accusation is no mere hyperbole, nor is it susceptible to an allegorical interpretation. Instead, Rhodes unequivocally charged CACI employees (and others) with a crime that shocks the conscience. If false, the statement seems paradigmatically defamatory.
Overlaying and cabining state defamation laws, however, are the First Amendment’s stringent protections of free discourse. As relevant here, the First Amendment disallows a public figure from “recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with ‘actual malice’ — that is, with knowledge that it was false or with reckless disregard of whether it was false or not.” New York Times Co. v. Sullivan, 376 U.S. 254, 279-80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). For a plaintiff to prove “actual malice,” he must prove that the defendant had a particular, subjective state of mind at the time the statements were made. See Gertz v. Robert Welch, Inc., 418 U.S. 323, 334 n. 6, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). Barring proof of actual knowledge of falsity, then, a plaintiff must show that the statement was made with “reckless disregard,” or “with a high degree of awareness of ... probable falsity.” Carr v. Forbes, Inc., 259 F.3d 273, 282 (4th Cir.2001) (omission in original) (internal quotations omitted).
Moreover, the proof of actual malice must take the form of clear and convincing evidence, and a public figure may not wait until the trial to submit such evidence. Indeed, “where the factual dispute [in a defamation action] concerns actual malice, ... the appropriate summary judgment question will be whether the evidence in the record could support a reasonable jury finding either that the plaintiff has shown actual malice by clear and convincing evidence or that the plaintiff has not.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255-56, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis added).
The evidence in the record suggests, at most, attenuated support for Rhodes’s accusation that CACI was involved in child rape. Two sources available to Rhodes at the time she levied the charge against CACI — the Guardian article and the Fay/ Jones report-credibly recount the rape of a teenager by a contractor at Abu Ghraib, but neither source specifically links CACI to that crime, nor does Rhodes point to any other source that does so. Similarly, the Taguba report found that CACI employee Stephanowicz shared substantial responsibility for much of the abuse at Abu Ghraib, but it did not allude to his involvement in the specific child-rape incident. Combined, these sources hardly prove CACI’s liability for child rape.
But CACI must do more than prove the insufficiency of the evidence to support Rhodes’s statement. To survive summary *306 judgment, CACI must have forecast clear and convincing evidence that Rhodes made the statement with a high degree of subjective awareness of its probable falsity. In light of the evidence suggesting CACI’s involvement in other abuses at Abu Ghraib and the credible sources identifying a contractor as the perpetrator of the child rape, the record does not support a finding, by clear and convincing evidence, that Rhodes levied the accusation recklessly. It is the absence of sufficient evidence of Rhodes’s state of mind, and not any testament to the actual veracity or justifiability of her statement, that makes summary judgment appropriate here.
For these reasons, I concur in the judgment.